RONALD O. KAYE, SBN 145051
Email: rok@kmbllaw.com
MARILYN E. BEDNARSKI, SBN 105322
Email: mbednarski@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT, LLP
975 East Green Street
Pasadena, California 91106
Tel: (626) 844-7660
Fax: (626) 844-7670

Attorneys for Plaintiff s
SAMUEL KOLB, J.K. AND KARIN KOLB

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF PLACER; DEPUTY CURTIS HONEYCUTT, and DOES 1-10, INCLUSIVE, | CASE NO:<br><br>**COMPLAINT FOR DAMAGES:**<br>**(1) VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983;**<br>**(2) VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1973, SUPERVISOR LIABILITY;**<br>**(3) VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §1983, *MONELL* VIOLATIONS.**<br>**(4) VIOLATION OF CALIFORNIA CIVIL CODE §52.1**<br>**(5) ASSAULT AND BATTERY**<br>**(6) NEGLIGENCE**<br>**(7) VIOLATION OF THE ADA, 42 U.S.C. §12101, and CALIFORNIA UNRUH ACT, CIVIL CODE §51**<br>**(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

# I. JURISDICTION AND VENUE

1. This action is brought by Plaintiffs SAMUEL KOLB, J.K. (through his Guardian ad Litem, KARIN KOLB), and KARIN KOLB, pursuant to 42 U.S.C. §1983.

2. This Court has jurisdiction under 28 U.S.C. §1343(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. §1983, and under 28 U.S.C. §1331.

3. The acts and omissions complained of commenced on January 14, 2018 within the Eastern District of California. Therefore, venue lies in this District pursuant to 28 U.S.C. §1391.

4. Plaintiffs timely filed an administrative claim with the County of Placer pursuant to Cal. Gov't Code §910. The claim was submitted to the Kern County Board of Supervisors on June 26, 2018. Notice of rejection by the County of Placer was deposited in the mail on July 26, 2018. This action is timely filed.

# II. PARTIES

5. Plaintiff SAMUEL KOLB is, and was at all times relevant hereto, a resident of the County of San Mateo and an adult competent to bring this suit in this Court.

6. Plaintiff J.K., is a 17-year-old minor, the son of Plaintiff SAMUEL KOLB. Plaintiff KARIN KOLB is seeking appointment of the Court as Guardian ad Litem for J.K. KARIN KOLB is the mother of J.K, and, along with SAMUEL KOLB, has been the primary caretaker of J.K. throughout his life. J.K. is a resident of the State of California and has resided in San Mateo County

7. Plaintiff KARIN KOLB is, and was at all times relevant hereto, a resident of the County of San Mateo and an adult competent to bring this suit in this Court.

8. Defendant COUNTY OF PLACER is, and at all times herein alleged was, a public entity organized and existing under the laws of the State of

1

1 California. The Placer County Sheriff's Office at all times herein alleged was an agency of the County of Placer.

9. DEPUTY CURTIS HONEYCUTT was at all times mentioned herein a member of the Placer County Sheriff's Office, and was responsible for providing reasonable security and safety to members of the public, including SAMUEL KOLB, and for providing them access to mental health and medical care, treatment.  He is sued in his individual capacity.

10. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 1 through 10, inclusive, were employees of the County of Placer, including but not limited to deputies and civilian staff of the Placer County Sheriff's Office, and employees of the Department of Mental Health, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is the agent of the other.  Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

### III.  GENERAL ALLEGATIONS

11. Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants.

12. Each paragraph of this complaint is expressly incorporated into each cause of action which is a part of this complaint.

2

13. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff.

## IV. <u>FACTUAL ALLEGATIONS</u>

14. Prior to January 13, 2018, Mr. KOLB had experienced several incidents in which he suffered an altered mental state (which he has characterized as "dreamlike"), such that he was not cognizant of what was occurring. After the first incident in 2003, Mr. Kolb was advised by a medical professional that he may have Temporal Lobe Epilepsy. He had not had a similar incident in approximately 15 years.

15. On January 13, 2018, SAMUEL KOLB and his then 16-year-old son J.K. traveled by car to the Lake Tahoe region for a ski vacation. They were staying in a rented cabin at 660 High Street, Carnelian Bay, California.

16. That evening, Mr. KOLB smoked marijuana with J.K. and the two of them went to sleep. This was the first time that the father and son smoked marijuana together.

17. In the early morning hours of January 14, 2018, Mr. KOLB woke up and began suffering from a mental health episode, walking around the cabin and waking his son, J.K. In a dream-like state similar to what he had experienced in previous epileptic episodes, Mr. KOLB kept repeating his childhood address and making nonsensical statements. In response to this behavior, J.K. asked his father if he wanted medical assistance, to which Mr. KOLB responded affirmatively.

18. After Mr. KOLB stated to his son that he wanted medical help, J.K. called 911. He advised the 911 dispatcher that Mr. KOLB: a) was acting odd; b) that he had a history of Temporal Lobe Epilepsy; c) that he was in a "dream like state;" and d) that he had smoked marijuana earlier in the night. J.K. did not believe, nor did he represent, that his father presented any danger to his safety – he

simply requested medical help as he observed his father suffering from a mental health episode.

19. At approximately 3:55 a.m. on January 14, 2018, Defendant Deputy HONEYCUTT was on patrol and received a dispatch call reflecting a request for assistance at the 660 High Street, Carnelian Bay, California. HONEYCUTT was aware that a young man had reported that his father was acting odd, was in a dream-like state and that there were some mental health issues. Without any information reflecting Mr. KOLB being a potential danger to himself or others, Defendant HONEYCUTT believed that this call could trigger a law enforcement detention under Welfare and Institutions Code §5150. Section 5150 authorizes involuntary civil commitment where an individual is a danger to himself or to others or is gravely disabled.

20. Upon arriving at 660 High Street, Defendant HONEYCUTT encountered Mr. KOLB and J.K. in the front driveway of the residence. J.K. was appropriately dressed, wearing warm clothes to insulate himself from the cold of January in the Lake Tahoe area. In contrast, Mr. KOLB was wearing a short-sleeved shirt and pajama bottoms. Defendant HONEYCUTT also believed Mr. KOLB was not wearing shoes. Upon looking at Mr. KOLB, Defendant HONEYCUTT noticed that there was a blank stare on Mr. KOLB'S face, as if he was staring out in space.  When Defendant HONEYCUTT asked if he wanted medical help, Mr. KOLB gave a one-word answer: yes.

21. On information and belief, at the time of the incident, Defendant HONEYCUTT was approximately six foot two inches tall, and 210 pounds in weight. He was 47 years old and had been a police officer for over 20 years. On information and belief, as a sworn law enforcement officer, he was trained in the application of non-lethal use of force tactics, including de-escalation, control holds, take downs, joint manipulation, etc.  Defendant HONEYCUTT also had a TASER on his person.

4

22. At the time of the incident, Mr. KOLB was 47 years old, five foot six inches tall and weighed approximately 165 pounds.

23. Rather than securing Mr. KOLB in the back of the patrol car/SUV to await medical/mental health intervention, Defendant HONEYCUTT instructed Mr. KOLB and J.K. to go back inside the cabin at 660 High Street.

24. The downstairs portion of the cabin consisted of one room, containing a living room and a kitchen. To enter the front door of the cabin, Defendant HONEYCUTT, Mr. KOLB and J.K. all walked over the outside deck built above the driveway where the cars were parked and opened the door.

25. When they were inside the cabin, Defendant HONEYCUTT attempted to find a switch to turn on other interior lights. To do so, HONEYCUTT used his Phoenix flashlight which produced approximately one thousand lumens of light.

26. While in the cabin, Defendant HONEYCUTT was wearing a ballistic vest – designed to prevent bullets from reaching his torso, and an outer garment/fleece.

27. After entering the cabin, Mr. KOLB picked up a carving fork. The length of the fork, including the handle, was 10 inches. Mr. KOLB continued to be, and appeared to be, in the dreamlike state J.K. had communicated in his 911 call.

28. In response to Mr. KOLB raising the fork, Defendant HONEYCUTT proceeded to assault Mr. KOLB by acts which included, but were not limited to, repeatedly, unreasonably and unjustifiably discharging his department issued firearm at the person of Mr. KOLB, inflicting several gunshot wounds, two of which were shot into the left side of his body in the left abdomen below the rib cage.

29. The gunshot wounds fired by Defendant HONEYCUTT shattered Mr. KOLB's T11 vertebrae at the base of the thoracic spine, and caused injury above the T11 vertebrae, resulting in his paralysis from the T6 vertebrae and below. As a result of the gunshot wound in the spine, SAMUEL KOLB suffers from

5

paraplegia. He is paralyzed from the navel down. He is unable to walk or move his legs, and consequently, is dependent upon a wheelchair for mobility. He has a lack of bowel and bladder control and cannot engage in normal sexual activity. The medical prognosis is that SAMUEL KOLB will suffer from this condition for the rest of his natural life and, statistically, his medical condition is likely to reduce his life expectancy.

30. At no time during this incident did Mr. KOLB pose any reasonable or credible threat of violence to the Defendant HONEYCUTT, nor did Mr. KOLB do anything to justify the deadly force used against him. That force used against him was excessive, unnecessary, and unlawful. Both prior to and during the time in which he was shot, Mr. KOLB posed no reasonable threat of violence to the Defendant HONEYCUTT, nor to his son, J.K., nor to himself or any other individual. Both prior to and during the time in which he was shot, Mr. KOLB made no physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm against any individual. Both prior to and during the time in which Defendant HONEYCUTT shot Mr. KOLB, Defendant HONEYCUTT was not faced with any circumstances which would have led a reasonable police officer to believe that Mr. KOLB posed a risk of death or serious bodily injury to any person.

31. During the entirety of the incident Plaintiff J.K. was present and witnessed the shooting of his father, SAMUEL KOLB; his father bleeding and motionless on the floor; and medical professionals remove his father on a gurney. After this traumatic event, during which J.K. had engaged in no conduct that would justify his detention, employees of the COUNTY OF PLACER placed J.K. in a police vehicle and recorded J.K.'s emotional communication on his cellular telephone with his family members. Employees of the COUNTY OF PLACER – rather than providing J.K. with immediate psychological care, or contacting his mother, Plaintiff KARIN KOLB, to request instructions on where her son should

6

be kept – placed J.K. in the back of the police vehicle with the intention of obtaining incriminating information against SAMUEL KOLB.

## V. PARTICIPATION, STATE OF MIND AND DAMAGES

32. All Defendants acted without authorization of law.

33. Plaintiffs are informed and believe, and thereon allege that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants.

34. Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or knew of the violations alleged herein and failed to act to prevent them. Each Defendant ratified, approved or acquiesced in the violations alleged herein.

35. As joint actors with joint obligations, each Defendant was and is responsible for the failures and omissions of the other.

36. Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiffs' rights.

37. Each Defendant acted with a deliberate indifference to or, reckless disregard for, an accused's rights for adequate mental health care in a custodial facility.

38. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the Defendants, Plaintiffs have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

39. As a further result of the conduct of each of these Defendants, Plaintiffs have been deprived of familial relationships, including the loss of mobility and

functionality of their father and husband, SAMUEL KOLB, and the emotional impact on their family unit as a whole.

40. The aforementioned acts of the Defendants, and each of them, was willful, wanton, malicious, oppressive, in bad faith and done with reckless disregard or with deliberate indifference to the constitutional rights of the Plaintiffs, entitling Plaintiffs to exemplary and punitive damages from each defendant other than Defendant COUNTY in an amount to be proven at the trial of this matter.

41. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiffs.

42. By reason of the above described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action, and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of his rights and, by reason thereof, Plaintiffs request payment by Defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. §1988, California Civil Code §52, California Code of Civil Procedure §1021.5 and any other applicable provision of law.

## FIRST CLAIM FOR RELIEF

**DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. §1983 –**
**(By all Plaintiffs against All Defendants and DOES 1-10, Except Defendant COUNTY)**

43. Defendants, acting under the color of state law, deprived Plaintiff, SAMUEL KOLB, of rights, privileges and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting SAMUEL KOLB, to excessive force and deadly force where no deadly force was justified in violation of the Fourth Amendment and depriving Plaintiffs J.K. and

KAREN KOLB of their familiar relationship and association in violation of due process of law.

44. SAMUEL KOLB's injuries were a direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and omissions perpetrated by Defendants while acting under the color of law and pursuant to customs, policies, and/or procedures in violation of 42 U.S.C. §1983.

45. Plaintiff J.K. witnessed the unlawful use of excessive and deadly force against his father and has since been deprived of the full benefit of his familiar relationship with his father, SAMUEL KOLB. As a result, J.K. suffered great fear, physical and mental suffering, anguish, confusion, anxiety, and nervousness as a direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and omissions perpetrated by Defendants while acting under the color of law and pursuant to customs, policies, and/or procedures in violation of 42 U.S.C. §1983.

46. Defendants' wrongful conduct legally caused a deprivation of Plaintiff KARIN KOLB's constitutionally protected liberty interest in familial companionship, love and society of her husband, and loss of income, all to her damage in an amount to be proven at trial according to proof.

47. As further proximate result of the acts of defendants, as alleged above, Plaintiffs have incurred expenses, including funeral expenses, in an amount according to proof.

### SECOND CLAIM FOR RELIEF

**DEPRIVATION OF CIVIL RIGHTS – 42 U.S.C. §1983
FAILURE TO SUPERVISE, TRAIN AND TAKE CORRECTIVE
MEASURES CAUSING CONSTITUTIONAL VIOLATIONS
(By all Plaintiffs against Supervisory Defendants and DOES 1-10 Except
Defendant COUNTY)**

48.     Plaintiffs are informed and believe and thereon allege that Defendants DOES 1-10 knew, or in the exercise of reasonable care should have known, of a history and propensity and pattern, prior to and after the time of the use of excessive force upon SAMUEL KOLB, for deputies of the Placer County Sheriff's Department, including but not limited to Defendant HONEYCUTT and DOES 1 through 10, to use excessive force, use unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, to fail to provide access to necessary psychological services when given notice that an individual is suffering from a mental health episode, or to use unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents.

49.     Defendants Does 1-10, failed to train, supervise or discipline the deputy sheriff that used excessive force; used unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force; used unreasonable, out-of-policy or unconstitutional police tactics to investigate police use of force incidents, or to investigate the sheriff's deputy who was the subject of prior complaints of allegations of similar conduct and those who had been the subject of allegations in federal and state courts to have violated constitutional rights of others in the course and scope and under color of law of their capacities as Los Angeles County Sheriff's deputies.

50.     Defendant DOES 1-10s' disregard of this knowledge or failure to adequately investigate and discover this pattern, custom or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, violated their duty to supervise, train and instruct their subordinates to prevent similar acts to other persons and as a result Plaintiffs were harmed in the manner threatened by the custom, pattern or practice.

51.     Defendant DOES 1-10s' custom, practice and policy resulted in their failure to take steps to properly train, supervise, investigate or instruct Defendant

10

CURTIS HONEYCUTT and Does 1 through 10 use of excessive force, and this was a moving force in the use of excessive force upon SAMUEL KOLB.

52. As a legal result of the conduct of Defendant DOES 1-10, as described above, Plaintiffs were damaged as alleged herein and as set forth above.

### THIRD CLAIM FOR RELIEF

### DEPRIVATION OF CIVIL RIGHTS -- 42 U.S.C. §1983
### (Against Defendant COUNTY) – *MONELL* VIOLATIONS

53. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that Defendant COUNTY OF PLACER, through its Sheriff's Department, with deliberate indifference and reckless disregard to the safety, security and constitutional and statutory rights of SAMUEL KOLB, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things:

   a. Subjecting citizens to unreasonable uses of force against their persons, including deadly force;

   b. Selecting, retaining, and assigning officers with demonstrable propensities for excessive force, violence, and other misconduct;

   c. Failing to adequately train, supervise, and control officers in the field of law enforcement, including the use of force and the handling of demonstrably mentally impaired individuals;

   d. Failing to adequately discipline officers involved in misconduct;

   e. Condoning and encouraging officers in the belief that they can violate the rights of persons such as SAMUEL KOLB with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

   f. Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that does not adequately limit officers' use of force to those

11

cases in which it is required to make a lawful arrest or protect an officer or third-party from an immediate safety threat; and

   g. Initiating, implementing, ratifying, maintaining, enforcing, tolerating, permitting, and acquiescing in an illegal "Use and Escalation of Force Policy" that failed to comply with the requirements of the law.

54. Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, individual Defendants' wrongful conduct was the result of policies, practices and customs to provide unconstitutionally inadequate treatment for individuals with mental health conditions.

55. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that Defendant COUNTY OF PLACER through its Sheriff's Department ordered, authorized, acquiesced in, tolerated, permitted or maintained customs and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages set forth in the foregoing paragraph.  Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by Defendants or on Defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security and rights of Plaintiffs.

56. The actions, policy and custom of the COUNTY OF PLACER set forth herein were a motivating force behind the violations of Plaintiffs' constitutional rights as set forth in this complaint.

57. As a direct and proximate result of Defendant COUNTY OF PLACER'S policies, practices, and customs, Plaintiffs sustained injury and damage as proved.

58. As a result of Defendants', and each of their, violations of Plaintiffs' constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.

## FOURTH CLAIM FOR RELIEF
### CALIFORNIA CIVIL CODE §52.1
### (Against All Defendants and DOES 1-10)

59. The United States Constitution, Amendment IV, and the California Constitution, Article I §13 guarantees the right of persons to be free from excessive force. Both Constitutions protect the right to familial relationships. Defendants, by engaging in the wrongful conduct alleged herein, denied these rights to Plaintiffs, thus giving rise to a claim for damages pursuant to California Civil Code §52.1.

60. Defendants interfered by threat, intimidation or coercion with SAMUEL KOLB's rights, secured by the Constitutions of the United States and the State of California, to be free from the use of unreasonable, excessive and unjustified deadly force, and thereby also interfered by threat, intimidation or coercion with Plaintiff KARIN KOLB's constitutionally protected liberty interest in familial companionship, love and society of her husband, and her California statutory right to compensation for him being rendered paraplegic.

61. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiffs were injured as set forth above, and are entitled to statutory damages under California Civil Code §52, as well as compensatory and punitive damages according to proof.

**FIFTH CLAIM FOR RELIEF**

**Assault and Battery and Wrongful Death**
**(Against All Defendants and DOES 1-10)**

62. Defendant CURTIS HONEYCUTT and Does 1 through 10 assaulted and battered SAMUEL KOLB, causing his injuries.

63. As a result of Defendants', and each of their actions as set forth herein, Plaintiffs were damaged as alleged above.

**SIXTH CLAIM FOR RELIEF**

**NEGLIGENCE**
**(Against All Defendants and DOES 1-10)**

64. Defendant HONEYCUTT and DOES 1-10 had a duty to Plaintiffs to comply with the minimal Placer County Sheriff's Department training mandated

13

for tactical firearms training; to not utilize careless or reckless police tactics that could create a dangerous circumstance or heighten a situation of danger that could result in the use of unnecessary force; to comply with the minimal Placer County Sheriff's Department training mandated for tactical firearms training; to cause the discharge of his firearm unless it was justified under the totality of the circumstances; to respond appropriately to persons they believe are suffering from a mental health episode without choosing to use deadly force before determining if the decedent posed an immediate threat to the safety of the officers or to others.

65. Defendant DOE supervisors 1-10, acting within the course and scope of their employment with the Los Angeles County Sheriff's Department, had a duty to assure the competence of their employee/agents Defendant HONEYCUTT and DOES 1-10, but breached their duty and were negligent in the performance of their duties by selecting, hiring, training, reviewing, periodically supervising, failing to supervise, evaluating the competency and retaining their Defendant deputies and/or employees and/or agents.  This breach of the duty of careful selection, hiring, training, review, supervision, periodic evaluation of the competency, and retention of such officers, counselors and other staff created an unreasonable risk of harm to persons such as SAMUEL KOLB.

66. Defendant HONEYCUTT and Does 1 through 10, breached their duty by using excessive force against SAMUEL KOLB.

67. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of Defendants, and each of them, and as a result of their breach of duty of care to SAMUEL KOLB, he was unlawfully shot and injured.  Plaintiffs have suffered the damages as alleged above.

### SEVENTH CLAIM FOR RELIEF

**VIOLATION OF AMERICANS WITH DISABILITIY ACT (ADA), TITLE II, 42 U.S.C. §12101 et seq., THE REHABILITATION ACT, 29 U.S.C. §794, AND CALIFORNA UNRUH ACT, CAL. CIVIL CODE §§51, et seq.**
**(Against All Defendants and Defendant COUNTY)**

14

68.     SAMUEL KOLB was a "qualified individual," with a mental impairment that substantially limited his ability to care for himself and control his mental, medical or physical health condition as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. §12131 (2), under Section 504 of the Rehabilitation Act of 1973 (RH), 29 U.S.C. §794 and Cal. Civ. Code §51, et seq., and qualified as an individual with a disability under California law, and he met the essential eligibility requirements of the County Placer and Placer Sheriff's Department's programs to provide mental/medical health care services for individuals its deputy sheriffs encounter within the County of Placer.

69.     Defendant PLACER COUNTY is a covered entity for purposes of enforcement of the ADA, 42 U.S.C. §12131 (2), under Section 504 of the Rehabilitation Act of 1973, and Cal. Civ. Code §51, et seq. (including §54), explicated by the regulations promulgated under each of these laws.

70.     Defendant PLACER COUNTY mental health services "engaged in the business of . . . health care," custody for persons whose "operations" fall within the definition of "program or activity" covered by the Rehabilitation Act, 29 U.S.C. Section 794(b).

71.     Under the ADA, PLACER COUNTY is mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities and developmental disabilities. . ." and to ensure "that the personal and civil rights" of persons are protected.

72.     Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problems." 42 U.S.C. §12101(a)(2).

73.     Defendant PLACER COUNTY is mandated under the ADA not to discriminate against any qualified individual on the basis of disability in the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. §12182 (a).

74. Defendant Placer COUNTY receives federal financial assistance for its Sheriff's Department, and therefore must comply with the mandates of the Rehabilitation Act, §504, which specifies that "program or activity" means all of the operations of … A department, agency, special purpose district, or other instrumentality of a State or of a local government.

75. Defendant PLACER COUNTY and other Defendants violated the ADA and the RA and Cal. Civ. Code §51, et seq., and deprived SAMUEL KOLB of his federally and state protected rights by: (a) creating and maintaining a number of programs and services to protect the mentally disabled; (b) failing to provide services or accommodate SAMUEL KOLB with access to the programs and services of Placer COUNTY'S designated mental health services for persons who qualify for access and services under California and federal law; (c) failing to properly train its deputies, dispatch staff and/or employees to peacefully respond, treat, and interact with disabled persons, such as SAMUEL KOLB; and (d) failing to comply with the U.S. Department of Justice requirements regarding care, treatment and security to persons with mental disabilities, resulting in discrimination against SAMUEL KOLB, under the ADA and RA.

76. SAMUEL KOLB was denied the benefits of the services, programs, and activities of Placer COUNTY which deprived him of mental health and medical health programs and services which would have provided the delivery of treatment, follow-up and supervision. This denial of programs and services was the result of his disability in that he was discriminated against because he was mentally ill and gravely disabled, in that he suffered from conditions in which a person, as a result of a mental disorder, is unable to provide for his basic personal needs and to protect himself from self-harm. Defendants' failure to train their employees, and

the denial of mental and medical health care, treatment, follow-up, training, supervision was result in the violation of Plaintiffs' constitutional rights.

77.  As a legal result of the acts and misconduct of the Defendants and each Defendant complained of herein, Plaintiffs have suffered, are now suffering and will continue to suffer damages as alleged herein.

## EIGHTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Against All Defendants and DOES 1-10)**

78.  Defendant HONEYCUTT and DOES 1-10 intentionally, wantonly, or in reckless disregard for the consequences to Plaintiffs proximately caused Plaintiffs to suffer great emotional trauma, both directly to Plaintiffs SAMUEL KOLB and J.K., and indirectly to Plaintiff KARIN KOLB, by the unlawful shooting of SAMUEL KOLB.

79.  In doing the foregoing wrongful acts, Defendants, and each of them, acted in reckless and callous disregard for the rights of the Plaintiffs.  As a direct result of Defendants' actions, Plaintiffs suffered severe emotional distress and mental anguish, which caused them to sustain serious injuries to their person and mind, and they have incurred and will continue to incur medical expenses and a loss and impairment of earnings, all to their damage in a sum to be shown according to proof and within the jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs SAMUEL KOLB, J.K., AND KARIN KOLB request relief on their own behalf, as follows, and according to proof, against each Defendant:

1.  General and compensatory damages in an amount according to proof;
2.  Special damages in an amount according to proof;

3.  Exemplary and punitive damages against each Defendant, except the COUNTY OF PLACER, in an amount according to proof;

4.  Costs of suit, including attorneys' fees, under 42 U.S.C. §1988, California Code of Civil Procedure § 1021.5 and any other applicable provision of law; and,

5.  Such other relief as may be warranted or as is just and proper.

Respectfully submitted,

KAYE, McLANE, BEDNARSKI & LITT, LLP

DATED:   December 26, 2018         By: /s/ *Ronald Kaye*_____
                                      RONALD O. KAYE
                                      MARILYN E. BEDNARSKI
                                      Attorneys for Plaintiffs
                                      SAMULE KOLB, J.K. and
                                      KARIN KOLB

## JURY DEMAND

Trial by jury of all issues is demanded.

KAYE, McLANE, BEDNARSKI & LITT,  LLP

DATED: December 26, 2018          By: /s/ *Ronald Kaye*_____
                                      RONALD O. KAYE
                                      MARILYN E. BEDNARSKI
                                      Attorneys for Plaintiffs
                                      SAMUEL KOLB, J.K. and
                                      KARIN KOLB

18