OFFICE OF THE PLACER COUNTY COUNSEL
Gregory Warner (SBN 282490)
175 Fulweiler Avenue
Auburn, California 95603
gwarner@placer.ca.gov
Telephone: (530) 889-4044
Facsimile: (530) 889-4069

**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Carl L. Fessenden, SBN 161494
John R. Whitefleet, SBN 213301
350 University Ave., Suite 200
Sacramento, California 95825
cfessenden@porterscott.com
jwhitefleet@porterscott.com
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF PLACER and DEPUTY CURTIS HONEYCUTT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER; DEPUTY CURTIS HONEYCUTT, and DOES 1-10, inclusive,<br><br>Defendants.<br>_____/ | No. 2:19-cv-00079 DB<br><br>**STIPULATED PROTECTIVE ORDER** |

    Defendants COUNTY OF PLACER, Deputy HONEYCUTT, and Plaintiffs SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB ("the Parties") hereby enter a stipulated protective order to facilitate disclosure of confidential discovery materials in this case.

    The Parties in good faith believe that certain documents relevant to the above-captioned case qualify for protection under Federal Rule of Civil Procedure 26(c),

{02091178.DOCX} 1
**STIPULATED PROTECTIVE ORDER**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

including information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and, (c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

These confidential documents include, but are not limited to:

1. County Personnel Files of Deputy HONEYCUTT
2. Medical records of Samuel Kolb

In light of the sensitive nature of the documents potentially to be disclosed, the parties hereby request that any such disclosure be governed by a stipulated protective order.

IT IS HEREBY STIPULATED by, among and between the parties through their respective undersigned counsel of record that:

1. **Designating Protected Materials:** Any party may designate information, regardless of how it is stored or maintained, that qualify for protection under FRCP 26(c) as "confidential" subject to this agreement. Each Party that designates information or items for protection under this agreement must take care to limit any such designation to specific material being produced in conjunction with this action.

2. A producing/designating Party may designate protected materials as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be otherwise marked "Confidential."

3. If any document or information designated as confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order. The court reporter for the deposition shall mark the

deposition transcript cover page and all appropriate pages or exhibits and each copy thereof. Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

4. **Challenging Confidentiality Designations:** A party may challenge a designation of confidentiality at any time that is consistent with the Court's scheduling order. The burden of persuasion in any such challenge proceeding shall be on the designating/producing party. Before seeking court intervention, the challenging party shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order.

5. **Use of Protected Material:** Protected Material shall be produced only to the Parties and to counsel of record for the Parties for the purpose of prosecuting, defending or attempting to settle this action. Receiving parties shall take reasonable steps to prevent disclosure of protected material to any third party.

6. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) Parties;

(b) Counsel, including their respective associates, clerks, legal assistants, support personnel, investigators, adjusters, and insurance carriers, and other companies retained to provide litigation support services (e.g. photocopy services);

(c) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

(d) Any designated or retainer expert, consultant or investigator retained in connection with this action;

(e) Any mediator, settlement officer, or the finder of fact at the time of trial; and

{02091178.DOCX} 3

**STIPULATED PROTECTIVE ORDER**

(f) Witnesses during their depositions in this action.

7. Prior to the disclosure of any "Confidential" information to any person identified in paragraph 5, each such recipient of "Confidential" information shall be provided with a copy of this Stipulated Protective Order, which he or she shall read. Upon reading this Stipulated Protective Order, such person shall acknowledge that he or she has read this Stipulated Protective Order and agrees to abide by its terms. Such person also must consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. The attorneys designated in subparts (a) and (b) of Paragraph 3 above shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked "Confidential" are given. Producing parties may request the identities of said individual(s) upon the final termination of the litigation or if it is able to demonstrate a good faith basis that receiving parties, or agents thereof, have breached the terms of the Stipulated Protective Order.

8. Subject to the terms of this Agreement, nothing herein shall restrict a recipient of Protected Material from: (a) making working copies, abstracts, digests and analysis of such information for use in connection with settlement negotiations; or (b) converting or translating Protected Material into a different format for storage or analysis, provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to qualified recipients.

9. **Filing Protected Material:** Any party seeking to file any documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, must comply with Local Rule 141 of the Local Rules of Practice for the United States District Court, Eastern District of California (Local Rules).

10. **Right to Assert Other Objections/Contest Claims of Privilege:** The designation of documents or information as "Confidential" and the subsequent

{02091178.DOCX} 4

**STIPULATED PROTECTIVE ORDER**

1 production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information. This agreement has no impact on the rights of the Parties to later contest claims of privilege in connection with the documents produced. By entering this agreement, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this agreement. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this agreement.

11. **Unauthorized Disclosure:** Should any information contained in the documents designated "Confidential" be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform the producing party's counsel of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

12. **Inadvertent Production:** No information shall lose its "Confidential" status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order. In addition, any information that is designated "Confidential" and produced by the parties does not lose its "Confidential" status due to any inadvertent or unintentional disclosure.

13. **Duration**: Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a producing/designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Upon termination of this litigation,

the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

14. **Final Disposition:** After the final disposition of the action, and upon request by a producing Party made, a receiving Party shall return all Protected Material to the producing Party or destroy such material and shall, within 60 days of the request, submit to the producing Party a written certification that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding the foregoing, Counsel of Receiving Parties are entitled to retain an archival copy of all pleadings, motion papers, discovery pleadings and productions, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Confidentiality Agreement as set forth in Paragraph 12 (DURATION).

15. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown and (b) adjudicate any dispute arising under it.

Dated: October 11, 2019  KAYE, McLANE, BEDNARSKI & LITT, LLP

By   /s/ Laura Donaldson (authorized 10/4/19)
     Ronald O. Kaye
     Laura Donaldson
     Attorneys for Plaintiff

{02091178.DOCX}     6

**STIPULATED PROTECTIVE ORDER**

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706

Date: October 11, 2019     PORTER SCOTT
A PROFESSIONAL CORPORATION

By    /s/ John R. Whitefleet
John R. Whitefleet
Attorney for Defendants

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the

{02091178.DOCX}     7

**STIPULATED PROTECTIVE ORDER**

court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: October 11, 2019  /s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

PORTER | SCOTT
350 University Ave., Suite 200
Sacramento, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706