UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB,<br><br>        Plaintiffs,<br><br>   v.<br><br>COUNTY OF PLACER; DEPUTY CURTIS HONEYCUTT,<br><br>        Defendants. | No. 2:19-cv-0079 DB<br><br>ORDER |

On November 22, 2019, plaintiffs filed a motion to compel discovery and noticed the motion for hearing before the undersigned on December 20, 2019.[1] (ECF No. 30.) On December 13, 2019, plaintiffs filed a notice of request to file a redacted and sealed Joint Statement re Discovery Dispute and an exhibit related to the motion to compel. (ECF No. 31.) As required by Local Rule 141(b), plaintiffs have submitted to the court via e-mail a Request to Seal Documents.

Local Rule 141(b) also requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (ECF No. 13.)

1

Plaintiffs' notice of request to seal asserts that the "request is justified because" portions of the Joint Statement and the exhibit were "designated as confidential by Defendants according to the terms of the protective order in this case." (ECF No. 31 at 2.) That, however, does not satisfy the threshold necessary for sealing a document.

As explained in the stipulated protective order entered in this action, "[a] request to seal material must normally meet the high threshold of showing that 'compelling reasons' support secrecy; however, where the material is, at most, 'tangentially related' to the merits of a case, the request to seal may be granted on a showing of 'good cause.'" (ECF No. 28 at 7) (quoting Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006)).

Here, the request to seal submitted by plaintiffs to the court fails to address and establish that the relevant threshold for sealing has been satisfied. Accordingly, plaintiffs' request will be denied without prejudice to renewal. Moreover, in support of the request to seal, plaintiffs have submitted an unredacted copy of the parties' Joint Statement. Because the document has not been filed the court will not refer to it with any specificity.

However, the document does not reflect compliance with the undersigned's meet and confer requirements. As explained in the undersigned's Standard Information re discovery disputes set forth on the court's web page, parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. The parties are also advised that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[2] See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.

////

////

---

[2] Title pages, tables of contents, tables of authorities, etc., all count toward the twenty-five-page limit.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' November 22, 2019 motion to compel (ECF No. 30) is denied without prejudice to renewal;

2. The December 20, 2019 hearing of plaintiffs' motion is vacated; and

3. Plaintiffs' December 13, 2019 request to seal (ECF No. 31) is denied without prejudice to renewal.

Dated: December 16, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 6
DB/orders/orders.consent/kolb0079.seal.den.ord