UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER; DEPUTY CURTIS HONEYCUTT,<br><br>Defendants. | No. 2:19-cv-0079 DB<br><br>ORDER |

On November 22, 2019, plaintiffs filed a motion to compel discovery and noticed the motion for hearing before the undersigned on December 20, 2019.[1] (ECF No. 30.) On December 13, 2019, plaintiffs filed a notice of request to file a redacted and sealed Joint Statement re Discovery Dispute and an exhibit related to the motion to compel. (ECF No. 31.) On December 17, 2019, the court denied plaintiffs' request due to plaintiffs' failure to address and establish that the relevant standard for sealing had been satisfied. (ECF No. 33 at 2.) The order also noted that the parties' Joint Statement failed to reflect compliance with the undersigned's meet and confer

////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (ECF No. 13.)

1

requirements.[2] (Id.) Accordingly, plaintiffs' request to seal and motion to compel were denied without prejudice to renewal and the December 20, 2019 hearing of the motion to compel was vacated. (Id. at 3.) On December 17, 2019, plaintiffs filed an "unopposed *ex parte* request to maintain the December 20, 2019 date for hearing on plaintiff's motion to compel." (ECF No. 34 at 1.) This motion will be denied for several reasons.

First, although styled as a "request to maintain the December 20, 2019 date for hearing," there is nothing to maintain. (Id.) The motion has been denied without prejudice to renewal and the hearing vacated. What plaintiffs are in fact seeking is reconsideration. Reconsideration requires a showing of "new or different facts or circumstances . . . which did not exist or were not shown upon such prior motion, or what other grounds exits for the motion" as well as a showing of "why the facts or circumstances were not shown at the time of the prior motion." Local Rule 230(j)(3)-(4). Plaintiffs' ex parte motion sets forth neither grounds for the motion nor why the facts or circumstances were not shown previously.[3]

Second, plaintiffs' ex parte motion does not dispute, or even acknowledge, plaintiffs' failure to address and establish the relevant standard in their request to seal. Because of plaintiffs' failure, the court could not grant plaintiffs' request to seal and could not order the filing of the redacted version of the Joint Statement. Without a timely filed Joint Statement, the court cannot prepare for a discovery hearing. And Local Rule 251(a) provides that a "hearing may be dropped from calendar without prejudice if the Joint Statement re Discovery Disagreement . . . is not filed at least seven (7) days before the scheduled hearing date."

Third, the sole basis for plaintiffs' ex parte motion is the assertion that "vacating the December 20, 2019 hearing greatly prejudices Plaintiffs' ability to conduct discovery and take depositions[.]" (ECF No. 34 at 3.) In this regard, plaintiffs note that delay in hearing the motion "would not enable Plaintiffs to perform the necessary discovery to meet the Court's expert

---

[2] The order also advised the parties about the undersigned's page limit policy. (ECF No. 33 at 2.) The purpose of this advisement was simply to aid in future filings.

[3] Plaintiffs noted in both the request to seal and the ex parte motion that those motions were unopposed. While that is certainly relevant information to convey to the court, lack of opposition cannot substitute for compliance with the applicable authority.

2

disclosure deadline of February 24, 2020." (Id.)  However, according to plaintiffs, "[t]his discovery dispute has been ongoing since July of 2019." (Id. at 4.)  The decision to wait until December for hearing of a motion to compel was not the court's.  Moreover, plaintiffs could address this issue by simply seeking a continuation of the expert disclosure deadline—something plaintiffs' acknowledge "the parties have discussed[.]"  (Id. at 2.)

Finally, as was true of the proposed Joint Statement, plaintiffs' ex parte motion does not reflect that the parties have complied with the undersigned's meet and confer requirements.  The ex parte motion asserts that the "parties met and conferred extensively prior to the November 15, 2019 informal conference with the Court and up to the filing of the Joint Statement on December 13, 2019." (ECF No. 34 at 4.)  The December 17, 2019 order, however, explained to plaintiffs that, as provided in the undersigned's Standard Information re discovery disputes set forth on the court's web page, parties must meet and confer prior to filing a discovery motion and "must again confer in person or via telephone or video conferencing" prior to the filing of the joint statement. See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db.  Although plaintiffs' ex parte motion asserts the parties "met and conferred extensively," it does not provide exact dates nor the method of meeting and conferring.[4]  (ECF No. 34 at 4.)

Accordingly, IT IS HEREBY ORDERED that plaintiffs' December 17, 2019 ex parte application (ECF No. 34) is denied.

Dated:  December 18, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 6
DB/orders/orders.consent/kolb0079.ex.parte.den.ord

---

[4] While this level of specificity may seem trivial or draconian, the genesis of the rule is attorneys' frequent characterization of the exchange of vague, combative, and/or terse emails as "meeting and conferring."  In the court's experience, parties are more likely to engage in a sincere and conscientious meet and confer process when communicating in real time.

3