|    |    |    |
|----|----|----|
| 1  |    |    |
| 2  |    |    |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB, | No. 2:19-cv-0079 DB |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| COUNTY OF PLACER; DEPUTY CURTIS HONEYCUTT, | |
| Defendants. | |

On February 21, 2020, plaintiffs filed a motion to compel deposition and a motion to compel production of documents from defendant Curtis Honeycutt. (ECF Nos. 48 & 49.) The motions are set for hearing before the court on March 20, 2020.[1] On March 6, 2020, the parties' filed a joint statement for each motion. (ECF Nos. 52 & 53.)

However, on March 13, 2020, plaintiffs filed a supplemental declaration. Therein, plaintiffs state that plaintiffs received defendant Honeycutt's response to plaintiff's request for production of documents on March 9, 2020. (ECF No. 56 at 2.) Plaintiffs, evidently, find

////

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (ECF No. 13.)

1

defendant's responses unacceptable and intend to proceed with the March 20, 2020 hearing. (Id. at 3.)

Plaintiffs also state that during an email exchange on March 11 through March 12, 2020, defendants "for the first time," confirmed they will produce a deponent but nonetheless object to certain topics. (Id.) The deposition is scheduled for March 19, 2020. (Id. at 3.) "Without knowing whether Defendants' counsel will instruct the 30(b)(6) witness not to answer questions that Plaintiffs believe are proper . . . Plaintiffs reluctantly are leaving their motion to compel regarding the 30(b)(6) topics on calendar and will address the topics as necessary at the March 20, 2020 hearing."[2] (Id. at 2-3.) The parties' filings raise several issues that must be addressed.

First, it appears that plaintiffs may have filed the motion to compel production prior to the date required for defendants' production. (ECF No. 53 at 10.) That would seriously call into question the utility of any prior meet and confer efforts and the Joint Statement. These concerns are amplified by plaintiffs' counsel's attempt to address the objections raised by defendants' response to the request for production in plaintiffs' counsel's supplemental declaration. (ECF No. 56 at 3.) That argument should be raised in a Joint Statement, not a supplemental declaration.

Second, plaintiffs' intention to have a deposition on March 19, 2020, and then "address the topics as necessary at the March 20, 2020 hearing," is unacceptable. (ECF No. 56 at 2.) The court should not have to prepare for a hearing that may not occur, nor should it have to prepare for a hearing on, possibly, some unidentified dispute devoid of briefing.

Finally, the undersigned's Standard Information explains that joint statements filed before the undersigned shall not exceed twenty-five pages, excluding exhibits.[3] See http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-deborah-barnes-db. Here, the parties filed two joint statements, consisting of thirty-four total pages. (ECF Nos. 52 & 53.) The spirit of the page limitation is to force the parties to

---

[2] As defendants are no doubt aware, "there are very few circumstances in which an instruction not to answer a deposition question is appropriate." Brincko v. Rio Properties, Inc., 278 F.R.D. 576, 581 (D. Nev. 2011).

[3] The parties are advised that title pages, tables of contents, tables of citations, signature pages, etc., all count toward the twenty-five-page limit.

narrow their disputes, focus their arguments, and to prevent the parties from overburdening the court with numerous and voluminous discovery disputes. Filing multiple joint statements to avoid the twenty-five-page limitation violates the spirit of the limitation.

In the future, if more than one joint statement is filed in connection with a party's discovery dispute, and the total number of pages exceeds twenty-five, the court will drop the motions from calendar and direct the moving party to re-notice the motions for hearing on separate available hearing dates.

The court is aware that some of these events may have been brought about by plaintiffs' counsel's impending unavailability. (ECF No. 38 at 4-5.) Plaintiffs' counsel should meet and confer with defense counsel to discuss a continuation of the deadlines set in this action, if necessary. In the absence of stipulation by defendants, plaintiffs' counsel may rest assured that, under the facts currently before the court, the court would be receptive to plaintiffs' request for modification of the schedule in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' February 21, 2020 motion to compel (ECF No. 48) is denied without prejudice to renewal;

2. Plaintiffs' February 21, 2020 motion to compel (ECF No. 49) is denied without prejudice to renewal; and

3. The March 20, 2020 hearing of plaintiffs' motions is vacated.

Dated: March 16, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 6
DB/orders/orders.consent/kolb0079.vac.hrg.ord

3