UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER; DEPUTY CURTIS HONEYCUTT,<br><br>Defendants. | No. 2:19-cv-0079 DB<br><br>ORDER |

This action came before the undersigned on June 12, 2020, for hearing of plaintiffs' renewed motion to compel and motion for leave to amend.[1] (ECF Nos. 62 & 69.) Attorneys Ronald Kaye and Kay Benarski appeared via video conference on behalf of the plaintiffs. Attorney John Whitefleet appeared via video conference on behalf of the defendants.

**I.     Plaintiffs' Motion for Leave to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quotation omitted); see also Fed. R. Civ. P. 15(a) ("The court

---

[1] The parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (ECF No. 13.)
1

1 should freely give leave when justice so requires."). However, courts "need not grant leave to
2 amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3)
3 produces an undue delay in the litigation; or (4) is futile." Id.

4     Here, based on the parties' briefing and oral argument, and as explained at the June 12,
5 2020 hearing, the court finds that granting plaintiffs leave to amend would not prejudice
6 defendants, is not sought in bad faith, would not produce an undue delay in this litigation, and is
7 not futile. See generally City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) ("[W]here a
8 municipality's failure to train its employees in a relevant respect evidences a 'deliberate
9 indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a
10 city 'policy or custom' that is actionable under § 1983.""); Department of Fair Employment and
11 Housing v. Law School Admission Council, Inc., No. C-12-1830 EMC, 2013 WL 485830, at *5
12 (N.D. Cal. Feb. 6, 2013) ("The burden of having to defend a new claim alone is not undue
13 prejudice under Rule 15.").

14     Accordingly, plaintiffs' motion for leave to amend is granted.

15 **II.  Plaintiffs' Renewed Motion to Compel**

16     Plaintiffs' renewed motion to compel seeks to compel discovery related to two categories
17 of documents: (1) medical records related to defendant Honeycutt's knee surgeries; and (2)
18 "psychological records—solely statements pertaining to the incident—provided in the County's
19 treatment of [defendant Honeycutt's] PTSD." (JS (ECF No. 80) at 7.) Based on the parties'
20 briefing and oral argument, the court finds that defendant Honeycutt's medical records related to
21 knee surgeries are relevant.

22     There is no dispute that defendant Honeycutt had knee surgery months prior to the
23 incident at issue in this action and testified to some degree of impairment related to his knee
24 surgery on the date of the events at issue. (Id. at 5-7.) Plaintiffs articulate a plausible theory that
25 defendant's knee impairment may have impacted defendant's use of force decision. (Id. at 8-9.)
26 Medical records which may speak to the degree of defendant's knee impairment are relevant.

27     Defendant Honeycutt asserts an "expectation of privacy in his medical records." (Id.)
28 "Resolution of a privacy objection or request for a protective order requires a balancing of the

need for the information sought against the privacy right asserted." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995).  In balancing these interests the court considers "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy," or other public interest favoring access.  Seaton v. Mayberg, 610 F.3d 530, 539 (9th Cir. 2010) (quoting Tucson Woman's Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004)).

Here, after weighing the type of information requested, the potential harm in any subsequent non-consensual disclosure, the adequacy of safeguards to prevent unauthorized disclosure, the degree of need for access, and whether there is an express statutory mandate, articulated public policy or other public interest favoring access ultimately weighs in favor of granting plaintiffs' motion.  Moreover, "a carefully drafted protective order [can] minimize the impact of this disclosure."[2] Soto, 162 F.R.D. at 616.

Defendant Honeycutt also, "maintains his expectation of privacy in psychological records." (JS (ECF No. 80) at 14.)  However, defendant Honeycutt's counseling was through "both the County psychologist and a psychologist that was chosen through the QME process through workman's comp." (Id. at 12.)  Plaintiffs assert that defendant Honeycutt's psychological counseling was done for the benefit of defendant's employer and that "the records were likely produced to a representative of Placer County[.]" (Id. at 13.)

Defendants concede, as they must, that the psychotherapist-patient privilege "may give way when the psychological evaluations were disclosed to third parties." (Id. at 14.)  See, e.g., Myles v. County of San Diego, Case No. 15cv1985-BEN (BLM), 2016 WL 2343914, at *17 (S.D. Cal. May 4, 2016) ("In this case, the requested psychological, psychiatric, or other mental records may have been created in the course of the deputies' employment with the County and may be included in the Personnel files.  If the records were disclosed to their employer, a third party, the deputies had no expectation of confidentiality with respect to those records."); Phelps v.

---

[2] The parties have already entered into a stipulated protective order in this action.  (ECF No. 28.)

3

Coy, 194 F.R.D. 606, 608 (S.D. Ohio 2000) ("Herein, the Plaintiff expressly states that he is seeking to discover only that information which Hitchcock learned from Coy when she evaluated him at the behest of his employer and, subsequently, disclosed to that employer. Since those communications were disclosed to Coy's employer, they were not confidential."); Barrett v. Vojtas, 182 F.R.D. 177, 181 (W.D. Pa. 1998) ("when it is expected that the therapist will produce a report or an evaluation from the ordered sessions for review by third parties, who may be elected officials, there can be no expectation of confidentiality, and therefore no privilege").

Nonetheless, defendants argue that plaintiffs have "failed to establish the necessary foundational elements that the [psychotherapist-patient] privilege does not apply," because plaintiffs have failed to show that "the County actually received any mental health records such that any privacy right was waived." (JS (ECF No. 80) at 15.) However, "because privileges operate in derogation of the truth finding process the law places the burden of proving all the elements essential to invoking any privilege on the party seeking its benefits." Kelly v. City of San Jose, 114 F.R.D. 653, 662 (N.D. Cal. 1987). In neither the Joint Statement nor at oral argument did defendants meet their burden of proving the elements of the psychotherapist-patient privilege.[3]

Defendants also argue that plaintiffs' requests are overbroad, seeking psychological records "from two years prior" to the incident. (JS (ECF No. 80) at 15.) Plaintiffs, however, have expressly limited their request to "psychological records—solely statements pertaining to the incident—provided in the County's treatment of [defendant Honeycutt's] PTSD." (JS (ECF No. 80) at 7.) This narrow category of evidence is relevant to this action.

## CONCLUSION

Upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

1. Plaintiffs' April 13, 2020 motion to compel (ECF No. 62) is granted;
2. Defendants shall produce responsive documents within twenty-eight days of the date of

---

[3] Notably absent from defendants' argument was a definitive statement that defendant Honeycutt's psychological records were not subject to disclosure to a third party.

this order;

    3. Plaintiffs' May 8, 2020 motion for leave to amend (ECF No. 69) is granted;

    4. Plaintiffs shall file the proposed second amended complaint (ECF No. 69-2) within fourteen days of the date of this action; and

    5. Defendants shall file a response to the second amended complaint within twenty-one days thereafter.

Dated:  June 12, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 6
DB/orders/orders.consent/kolb0079.oah.061220

5