RONALD O. KAYE, SBN 145051
Email: rok@kmbllaw.com
MARILYN E. BEDNARSKI, SBN 105322
Email: mbednarski@kmbllaw.com
LAURA F. DONALDSON, SBN 307638
Email: ldonaldson@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT, LLP
975 East Green Street
Pasadena, California 91106
Tel: (626) 844-7660
Fax: (626) 844-7670

Attorneys for Plaintiffs
SAMUEL KOLB, J.K. AND KARIN KOLB

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL KOLB, J.K., by and through his Guardian ad Litem, KARIN KOLB, and KARIN KOLB,<br><br>Plaintiff,<br>v.<br><br>COUNTY OF PLACER; DEPUTY CURTIS HONEYCUTT, and DOES 1-10, INCLUSIVE,<br><br>Defendants. | No. 2:19-cv-00079 DB<br><br>**STIPULATION AND ORDER FOR LEAVE TO AMEND COMPLAINT BASED ON EVIDENCE DISCOVERED AFTER THE DISCOVERY CUTOFF; AND REQUEST THAT THE COURT CONSIDER THE EVIDENCE PRESENTED IN THE PROPOSED THIRD AMENDED COMPLAINT IN ITS DECISION ON DEFENDANTS' MOTION TO DISMISS (DKT. NO. 84); EXHIBITS**<br><br>**[FILED CONCURRENTLY WITH DECLARATION OF PLAINTIFFS' COUNSEL RE: GOOD CAUSE TO AMEND UNDER FRCP RULE 15].**<br><br><br>Judge: Deborah Barnes<br>Trial Date: January 19, 2021 |

DEFENDANTS' INTRODUCTORY STATEMENT

As part of the discovery process, Plaintiffs requested policies relating to interviewing minors (Request for Production 57). There was a discovery dispute between the parties, which resulted in a motion to compel that was granted on February 14, 2020. Dkt. No. 47. Other than policies relating to victims of child abuse, there were no polices responsive to Plaintiffs' request. In a Person Most Knowledgeable (regarding interviewing and interacting with minors) deposition, questions were asked of the witness about policies, and the response was that outside the child abuse context, there were no such policies. In July, Plaintiffs met and conferred regarding a response to Request for Production 57. At that time, counsel for Defendants realized it had not formally responded to the discovery request following the motion to compel, to indicate no documents existed. On July 15, 2020, Defendants responded that other than polices relating to victims of child abuse, no documents existed. The policy of child abuse was provided, but there was a question whether that policy was in effect in 2018. On July 27, 2020, Defendants confirmed it was in effect in 2018. Although Plaintiffs and Defendants disagree on the relevance of the policy relating to child abuse, Defendants do agree that Plaintiffs have a right to make allegations relating to it in their complaint, and at the time Plaintiffs amended the complaint they did not have information about the policy in 2018. The proposed amendment in the Third Amended Complaint does not substantively change the *Monell* claim set forth in the Second Amended Complaint, but only adds additional facts to support it. Therefore, the Defendants agree good cause exists to allow the amendment as proposed in this stipulation.

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs, Samuel Kolb, J.K., by and through his Guardian ad Litem, Karin Kolb, and Karin Kolb, by and through their attorney of record, Kaye, McLane, Bednarski, & Litt, and Defendants County of Placer and Deputy Curtis Honeycutt, by and through their attorney of record, Porter Scott, that this Court:

1. Grant leave to Plaintiffs to file a Third Amended Complaint, based on the disclosure concerning the child abuse policy by Defendants on July 27, 2020, which is presented in ¶¶57-62 (*see* proposed Third Amended Complaint attached hereto at Exhibit 1, and Declaration of Plaintiffs' counsel establishing good cause under FRCP Rule 15 filed concurrently herewith);

2. Due to the production of this evidence, the parties request leave of the Court for the

Court to consider the new allegations in the Third Amended Complaint (¶¶ 57-62) for purposes of its determination of Defendants' Motion to Dismiss. Dkt. No. 84. For the Court's convenience, attached hereto at Exhibit 2, is a three-page excerpt identifying all new allegations in the Third Amended Complaint – ¶¶ 57-62;

3. That the filing of the Third Amended Complaint not alter the Motion to Dismiss filed by Defendants (Doc No. 84), and that motion be ruled upon by the Court. The Third Amended Complaint does not substantively change the *Monell* claim that is the subject of the motion. The parties will not file any new briefings outside of what has already been filed with the Court, which is limited to Defendants' Motion (Dkt. No. 84 and supporting documents), Plaintiffs' Opposition to that Motion (Dkt. No. 86 and supporting documents), and Defendants' Reply (Dkt. No. 93 and supporting documents), and for the Court to rule *solely* on these pleadings, in addition to the new allegations presented in the Third Amended Complaint, ¶¶ 57-62;

4. Good Cause for this request is presented in the Declaration of Plaintiffs' Counsel and accompanying exhibits, filed concurrently herewith.

5. In support of same, Plaintiffs present the following:

   a. On February 14, 2020, the Court granted Plaintiffs' Motion to Compel and Ordered the production of:

   **REQUEST FOR PRODUCTION NO. 57:**
   All DOCUMENTS that REFER or RELATE to PCSO's internal regulations, policies and/or training regarding the interviewing of MINORS and treatment of MINORS.

   *See* Dkt. No. 47.

   This Request had been modified to include only those documents in effect on the date of the incident, January 14, 2018.

   b. July 27, 2020 at 11:43 a.m., Defendants advised Plaintiffs that Placer County Sheriff's Office January 1, 2020 Field Operation No. 7-06, Child Sexual Assault Investigation Procedure, was in effect at the time of the incident on January 14, 2018, including but not limited to the following language:

   > NOTE: In order to determine if a crime occurred or the risk to the victim or to others, it is sometimes necessary to ask questions of the alleged victim.

2

> The initiating party should not obtain any further details of the assault, and no more than necessary to collect the above information. If possible, this information should be established through some party other than the victim, i.e., parent or other responsible party reporting the crime. Any questioning of the victim should be kept at a bare minimum. **AVOID INTERVIEWING THE VICTIM IF POSSIBLE.**

Emphasis (and capital letters) in original.

    c. Prior to that time, Defendants had not confirmed that the policy relating to child abuse that contained guidelines for interviewing minors was in effect as of January 2018.

6. The parties further stipulate that no further Motions will be filed in response to the Third Amended Complaint, and, if the Court denies Defendants' Motion to Dismiss (Dkt. No. 84), Defendants will file its Answer to the Third Amended Complaint.

IT IS SO STIPULATED.

Date:  July 28, 2020			KAYE, McLANE, BEDNARSKI & LITT, LLP

By:  */ s / Ronald O. Kaye*

RONALD O. KAYE
Attorneys for Plaintiffs

Date:  July 28, 2020			PORTER SCOTT

By:  /s/ *Carl Fessenden*
CARL FESSENDEN
Attorneys for Defendants

3

**ORDER**

Pursuant to the parties' stipulation, IT IS HEREBY ORDERED that:

1. The parties' July 28, 2020 stipulation, (ECF No. 97), as clarified by the parties' July 30, 2020 supplemental filing, (ECF No. 98), is granted; and

2. Plaintiff shall file the proposed third amended complaint within fourteen days.

DATED: July 30, 2020                    /s/ DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE